# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| APRIL CHERISE HAMLIN, ) <br> ) <br> Plaintiff, ) <br> ) <br> ) <br> v. ) <br> ) <br> THE CITY OF CLAIRTON POLICE ) <br> DEPARTMENT, ) <br> ) <br> Defendant. ) | Civil Action No. 11-993 <br> Hon. Nora Barry Fischer |

## MEMORANDUM ORDER

AND NOW, this 17th day of August, 2011, upon consideration of Plaintiff April Cherise Hamlin's Pro Se Motion to Proceed In Forma Pauperis (Docket No. [1]),

IT IS HEREBY ORDERED that said Motion [1] is GRANTED as to the In Forma Pauperis Status of Pro Se Plaintiff April Cherise Hamlin ONLY.

IT IS FURTHER ORDERED that the above captioned matter is dismissed, under 28 U.S.C. § 1915(e)(2)(B) as this action is frivolous and for failure to state a claim upon which relief can be granted.

In so holding, the Court notes that 28 U.S.C. § 1915(e)(2) requires that a District Court review pleadings filed by individuals who are granted in forma pauperis status and mandates that "the court shall dismiss the case at any time if the court determines that … the action … is frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Therefore, pursuant to this statute, the Court must dismiss a case "if it lacks arguable merit in fact or law."

1

*Stackhouse v. Crocker*, 266 F.App'x. 189 (2008) (citing *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)). The standard of review for failure to state a claim under section 1915(e)(2) is the same as under Rule 12(b)(6). *See D'Agostino v. CECON RDEC*, 2011 WL 2678876, at *3 (3d Cir. 2011) (citing *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)). That is, the allegations in a pro se plaintiff's complaint must be liberally construed, *see Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007), and the Court must "accept all factual allegations in the complaint as true, [and] construe the complaint in the light most favorable to the plaintiff", *see Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). However, a pro se complaint must be dismissed if it does not allege "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *see also Capogrosso v. Rabner*, 588 F.3d 180, 184-85 (3d Cir. 2009) (applying *Twombly* and *Iqbal* standard to pro se complaints). Finally, "if a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245.

At the outset, the Court notes that this is Plaintiff's sixth lawsuit that has been assigned to this Court in recent months. *See* CA 11-568, *Hamlin v. Vital Records Departments, et al.*; CA 11-569 *Hamlin v. American Society of Composers, Authors and Publishers, et al.*; CA 11-706, *Hamlin v. Social Security Administration*; CA 11-881 *Hamlin v. Toyota Motors Corporate Headquarters, et al.*; and, CA 11-907 *Hamlin v. The Western District Federal Court of Pennsylvania*. The first five cases were dismissed for lack of subject matter jurisdiction as Plaintiff did not demonstrate complete diversity of the parties or that the exercise of federal question jurisdiction was proper in any of those matters. *Id*.

Although these suits were brought against different individuals and entities, the genesis of Plaintiff's allegations remain essentially the same. *Id*. She contends that a number of private individuals have been harassing her for decades. *Id*. Plaintiff also is seeking information about the whereabouts of her children as she believes that the individuals who have harassed her have taken the children from her or prevented her from contacting them. She has sued Vital Records Departments in a number of states for records related to her children and requested that the Social Security Administration remove references to the alleged harassers from her Social Security file. *See* CA 11-568, *Hamlin v. Vital Records Departments, et al.*; CA 11-706, *Hamlin v. Social Security Administration*. Plaintiff has repeatedly made fanciful and absurd claims in an effort to explain why these individuals allegedly continue to harass her. *See e.g.*, CA 11-569 *Hamlin v. American Society of Composers, Authors and Publishers, et al.* Among them, Plaintiff claims that – *when she was 11 years old* – she wrote scripts for television and movies and composed a number of hit songs and albums by some of the most popular entertainers in America, including the lyrics to Michael Jackson's "Thriller." *See* CA 11-568, *Hamlin v. Vital Records Departments, et al.*, Docket No. 6 at 3. She further claims to have "created" the choreography used in the music video for "Thriller" – which the Library of Congress has called the "most famous music video of all time" and preserved in its archives. *See* http://www.loc.gov/today/pr/2009/09-250.html (last visited 8/17/11).

The Court has made clear in its dismissal orders and denials of Plaintiff's various motions for reconsideration that her cases are not properly brought in federal court. *Id*. Apparently undeterred by the Court's Orders, Plaintiff filed the instant lawsuit on August 2, 2011 against the City of Clairton Police Department. (Docket No. 1-1).

In this case, Plaintiff alleges that this Court has federal question jurisdiction, 28 U.S.C. § 1331, and asserts that the sole defendant in this action, the City of Clairton Police Department, has violated her civil rights, making her case actionable under 42 U.S.C. § 1983. (Docket No. 1-1 at 1-2). Her chief allegations appear to be that she has contacted the City of Clairton Police Department on a number of occasions, in person, by telephone and through the 911 emergency call system but the City of Clairton Police Department has not responded to her inquiries, failed and/or refused to investigate the alleged criminal activity that she has reported and not arrested certain individuals that she claims are harassing her. (*Id*. at 2-4). Specifically, Plaintiff avers that she contacted 911 on July 28, 2011 to complain that her social security benefits were decreasing on her statements and again on July 29, 2011 to complain that she had lost pages 2 and 6 of one of the pleadings she has filed in Case Number 11-811. (*Id*. at 2-3). She also alleges that she called the Police Department and complained that her vehicle was vandalized and certain items, including a book of her poetry, were taken from her residence. (*Id*. at 2-4). Plaintiff maintains that the City of Clairton Police Department did not respond to her complaints and/or when they did respond, failed to investigate them. (*Id*.). In this Court's estimation, these allegations are patently frivolous and otherwise fail to state a plausible claim for relief against the City of Clairton Police Department under § 1983.

A police department is generally not considered a separate entity from the municipality in which it is located and therefore cannot be sued under § 1983 except under the limited circumstances set forth in *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). *See Briggs v. Moore*, 251 F.App'x 77, 79 (3d Cir. 2007). Under *Monell*, "[p]laintiffs who seek to impose liability on local governments under § 1983 must prove that

'action pursuant to official municipal policy [or custom]' caused their injury." *Connick v. Thompson*, --- U.S. ---, 131 S.Ct. 1350, 1359 (2011). Liberally construed, Plaintiff's Complaint is devoid of any allegations from which one could infer that a municipal policy or custom caused her any injuries. (*See* Docket No. 1-1). In addition, the injuries of which she complains – the failure of a local police department to investigate her complaints and/or to investigate, arrest and prosecute certain individuals – are not cognizable under § 1983. *See Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir.2007), (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1973) (observing that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another")); *see also Fuchs v. Mercer County*, 260 F.App'x. 472, 475 (3d Cir. 2008) (quoting *Mitchell*, 487 F.3d at 378) ("[t]here is no statutory or common law right, much less a constitutional right, to an investigation" of a private criminal complaint made against another private individual). Considering this precedent, Plaintiff's allegations clearly do not set forth any plausible claim under § 1983 against the City of Clairton Police Department and her claim fails as a matter of law. Accordingly, any amendment of her frivolous allegations would be futile and Plaintiff will not be granted leave to amend her Complaint. *Phillips*, 515 F.3d at 245.

For these reasons, Plaintiff's Complaint is DISMISSED, with prejudice. The Clerk of Court is directed to mark this case CLOSED.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc:     April Cherise Hamlin, *pro se*
        P.O. Box 334
        Pittsburgh, PA 15230-0334
        (regular and certified mail)